The order below is approved, and it resolves the IRS's motion to prohibit the use of cash collateral, the debtor's motion to use cash collateral, and First Volunteer Bank's motion for relief from the automatic stay.

**SO ORDERED.**
**SIGNED this 23rd day of August, 2013**

_____
John C. Cook
**UNITED STATES BANKRUPTCY JUDGE**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE

_____

IN RE:    EV AMERICA, LLC,

Debtor.    Case No. 13-bk-10441
**Chapter 11**

_____

### AGREED ORDER

With the Court having scheduled a final hearing on the Debtor's Motion for Use of Cash Collateral, First Volunteer Bank's ("FVB") Motion to Lift Automatic Stay and the Internal Revenue Service's ("IRS") Motion to Prohibit Use of Cash Collateral to occur on August 15, 2013, and with an agreement having been reached by and between the parties resolving all issues raised in the above-referenced Motions, and with good cause having been shown, it is hereby:

ORDERED that the Debtor shall have until August 31, 2013 within which to pay $10,000.00 in rent to First Bank of Dalton for the Debtor's continued occupancy of its production facilities located at 335 Rollins Industrial Court in Ringgold, Georgia (the "Ringgold Facility").

ORDERED that the automatic stay under 11 U.S.C. § 362 shall be automatically lifted on August 31, 2013 in favor of FVB and the IRS with respect to all equipment, furniture, inventory and works in process located at the Ringgold Facility against which FVB and the IRS have asserted liens (the "Ringgold Collateral"), subject to the limitations and conditions set forth below.

ORDERED that in the event Debtor meets the August 31 rent payment deadline set forth above, (1) the Debtor shall be entitled to occupy the Ringgold Facility through September 30, 2013 and (2) FVB shall be entitled to advertise and conduct an auction sale of the Ringgold Collateral at the Ringgold Facility, with said sale to occur on or before September 30, 2013.

ORDERED that in the event Debtor does not meet the August 31 rent payment deadline set forth above, FVB shall be entitled to take immediate possession of the Ringgold Collateral and move the Ringgold Collateral to a secure location under the Bank's custody and control. In such event, FVB shall be entitled to advertise and conduct an auction sale of the Ringgold Collateral to occur at a location chosen by FVB on September 30, 2013 or as soon thereafter as reasonably practicable.

ORDERED that FVB shall keep the IRS reasonably informed of all actions taken by FVB with respect to the Ringgold Collateral.

ORDERED that the reasonable costs of moving, storing and auctioning the Ringgold Collateral shall be paid from the proceeds of the sale of the Ringgold Collateral. All remaining proceeds from the sale of the Ringgold Collateral shall be held in escrow by FVB pending a final

Case 1:13-bk-10441 Doc 118 Filed 08/26/13 Entered 08/26/13 10:19:37 Desc Main
Document Page 3 of 4

agreement between the IRS and FVB regarding their respective lien priorities and entitlement to the sale proceeds. FVB shall provide the IRS and the Debtor with a report of the sale and a full accounting of the sale proceeds.

ORDERED that FVB shall be entitled to conduct an on-site inventory of the Ringgold Collateral beginning on August 28, 2013 at 9:00 AM. The IRS shall be entitled to have one or more representatives present while the inventory is being conducted. The Debtor shall give FVB and the IRS reasonable access to the Ringgold Facility for purposes of conducting the on-site inventory.

ORDERED that the Debtor shall give FVB and the IRS reasonable access to the Ringgold Facility for purposes of inspecting, assembling and moving the Ringgold Collateral pursuant to the provisions of this Order.

ORDERED that, effective immediately upon entry of this Order, the Debtor shall pay to FVB all cash collateral and all other funds received by the Debtor in excess of the amount necessary to pay the Debtor's ordinary operating expenses as reflected in the proposed monthly budget attached to its Motion for Use of Cash Collateral and to pay the company's employee health insurance premium arrearage. All such funds paid by the Debtor shall be held in escrow by FVB pending a final agreement between the IRS and FVB regarding their respective lien priorities and entitlement to the funds. FVB shall provide the IRS with a full accounting of all such funds received from the Debtor.

ORDERED that the automatic stay under 11 U.S.C. § 362 shall be automatically lifted on September 30, 2013 in favor of FVB and the IRS with respect to all other assets of the Debtor not identified above (including, without limitation, all accounts, receivables, contract rights and cash collateral) against which FVB and the IRS have asserted liens.

3

ORDERED that the 14 day stay period provided in Bankruptcy Rule 4001(a)(3) shall not apply to this Order.

**IT IS SO ORDERED.**

# # #

**APPROVED FOR ENTRY:**

/s/ Timothy R. Simonds
TN Bar No. 013952
427 E. 5th Street, Suite 100
Chattanooga, TN 37403
(423) 285-6158
(423) 285-6159 (fax)
***Attorney for First Volunteer Bank***

/s/ Kyle R. Weems
Kyle R. Weems (BPR #1010)
744 McCallie Avenue
Doctor's Building – Suite 520
Chattanooga, TN 37403-2530
(423) 624-1000 Telephone
(423) 624-5656 Facsimile
***Attorney for Debtor***

/s/ Tammy O. Combs
Tammy O. Combs (#019340)
Assistant United States Attorney
1110 Market Street, Suite 515
Chattanooga, TN 37402
(423) 752-5140 Telephone
***Attorney for Internal Revenue Service***

/s/ Chris W. Sanders
Chris W. Sanders
Trial Attorney, Tax Division
U.S. Department of Justice
Judiciary Center Building - Suite 6826
555 4th Street N.W.
Washington, D.C. 20001
***Attorney for Internal Revenue Service***